No. 2563.—M. LARA *v.* C. T. NASH et als.

An auctioneer who sells succession property under an order of court and receives the price therefor, is not a depositary for the purchaser. He can not, therefore, be held liable to the purchaser for the return of the purchase money in case the latter failed to receive the goods purchased, unless it be shown that the purchase money is still in the hands of the auctioneer and is not claimed by any one else.

APPEAL from the Seventh District Court, parish of Orleans. *Collens*, J. *John M. Bonner*, for plaintiff and appellee. *Hyman, Wallace* and *Handlin*, for defendants and appellants.

HOWELL, J. The defendant Nash, an auctioneer, was employed by J. F. Woodman, executor of F. O. Woodman, to sell certain movable and immovable property of the succession to pay debts, in accordance with an order of the Second District Court for the parish of Orleans, which order named the defendant as the auctioneer At the sale of movable property, consisting mostly of furniture, that in the use of the family of the executor, was adjudicated to the plaintiff. After some delay and several calls for the money, he paid the price ($863 75), taking the receipt of the auctioneer. All the articles, it seems, remained on the premises where the sale was made until sold by the sheriff in some other proceeding. The plaintiff sues Nash, the auctioneer, and his official sureties, to recover the sum paid by him, on the ground that Nash received it as depositary.

How or why this property was sold a second time is not explained. The plaintiff purchased it at an auction sale, and about a month thereafter paid the price. It must be presumed he was thus satisfied as to its situation and his control over it. The auctioneer does not seem to have had possession of it, nor been called on for delivery, and we are unable to see upon what principle he can be made responsible to

plaintiff, except perhaps upon a showing that the money is in his hands and claimed by no one else. This has not been done. On the contrary, the auctioneer shows that he has paid a portion to the executor; that the succession owed him a large sum which he has compensated, and that the balance has been attached in his hands in a suit against the said J. F. Woodman. He certainly did not receive the money as the depositary of plaintiff, but as the price of succession property sold to pay succession debts, and he is bound primarily to the succession and the court ordering him to make the sale; and the allegation of plaintiff, that the said sale was canceled by the court because the property did not bring two-thirds of its appraised value and was sold again by the sheriff by order of said court, if admitted by the vagueness of the answer, does not change the relation of the auctioneer under the circumstances, to his principal.

It is therefore ordered that the judgment appealed from be reversed, and that there be judgment in favor of defendants, with costs in both courts.

Rehearing refused.